UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS A. ALARCON,<br><br>    Petitioner,<br><br>    v.<br><br>W. I. MUNIZ, Warden,<br><br>    Respondent. | Case No. 17-05037 BLF (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY**<br><br><br><br>(Docket No. 8) |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary action. Respondent filed a motion to dismiss the petition for lack of federal habeas jurisdiction. (Docket No. 8, hereafter "Mot.") Petitioner did not file an opposition although given an opportunity to do so. For the reasons set forth below, the motion to dismiss is **GRANTED**.

### I. DISCUSSION

**A.** <u>**Federal Habeas Jurisdiction**</u>

Petitioner was issued a Rules Violation Report ("RVR") on January 30, 2015, for assault and battery on staff. (Pet. Attach. at 1-2.) After a disciplinary hearing at which he claims he was denied his right to call witnesses for his defense, Petitioner was found guilty and assessed 150

1 days credit forfeiture and 10 days loss of yard privileges. (*Id.*) Petitioner filed this habeas action seeking restoration of good time credits based on the violation of his right to due process. (Docket No. 5 at 2.)

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner*, 561 U.S. at 533-34 (quoting *Wilkinson*, 544 U.S. at 82). The Ninth Circuit clarified that if the claim "does not lie at the 'core of habeas corpus,' it may not be brought in habeas" and therefore may only be brought under § 1983. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (quoting *Preiser*, 411 U.S. at 487); *see also Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence").

Respondent asserts that the petition should be dismissed for lack of federal habeas jurisdiction because success on Petitioner's claims would not necessarily result in his earlier release from prison. (Mot. at 2.) Respondent asserts that the loss of credits did not affect Petitioner's release date or lengthen his sentence because he is serving an indeterminate sentence and will not be released from prison until he is found suitable for release by the state parole authority. (*Id.*) Under California law, inmates serving indeterminate life-terms for murder can only be released from prison if the Board and, subsequently, the Governor independently conclude they no longer pose a "threat to public safety." (*Id.* at 3, citing *In re Lawrence*, 44 Cal.4th 1181, 1212 (Cal. 2008); Cal. Const. art. V, §(b) (Governor may reverse Board's parole grant); Cal. Penal Code §§ 3041, 3041.2 (same).)

The record shows that Petitioner was sentenced to an indeterminate sentence of 55 years to life. (Mot., Ex. 1 at 13; *id.*, Ex. 2, Abstract of J.) As such, he can only be released from prison if the Board and Governor independently conclude he no longer poses a threat to public safety. *See In re Lawrence*, 44 Cal.4th at 1212. Therefore, expunging a prison disciplinary decision and

2

ordering the restoration of any lost credits will not impact the fact or duration of Petitioner's confinement. In other words, success on the claims raised in this action would not necessarily shorten his sentence. *See Ramirez*, 334 F.3d at 859. Accordingly, the petition should be dismissed for lack of federal habeas jurisdiction. *See Nettles*, 830 F.3d at 931.

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the Court declines to do so here. The difficulty with construing a habeas petition as a civil rights complaint is that the two forms used by most prisoners request different information and much of the information necessary for a civil rights complaint is not included in the habeas petition filed here. Examples of the potential problems created by using the habeas petition form rather than the civil rights complaint form include the potential omission of intended defendants, potential failure to link each defendant to the claims, and potential absence of an adequate prayer for relief.

Additionally, there is doubt whether the prisoner is willing to pay the $400.00 civil action filing fee to pursue his claims. While a prisoner may think he has found a loophole that allows him to avoid paying the $400.00 filing fee by filing in habeas, the loophole proves unhelpful because he ultimately cannot proceed in habeas and will be charged the $400.00 filing fee to proceed with actions challenging conditions of confinement. It is not in the interest of judicial economy to allow prisoners to file civil rights actions on habeas forms because virtually every such case, including this one, will be defective at the outset and require additional court resources to deal with the problems created by the different filing fees and the absence of information on the habeas form.

## II. CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition, (Docket No. 8), is **GRANTED**. The instant petition for a writ of habeas corpus is **DISMISSED** for lack of federal habeas jurisdiction. The dismissal is without prejudice to Petitioner challenging the disciplinary

3

action in a civil rights action under 42 U.S.C. § 1983, preferably using the court's civil rights complaint form.

No certificate of appealability is warranted in this case. *See* Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enclose two copies of the court's form complaint and two copies of the court's IFP Application with a copy of this order to Plaintiff.

This order terminates Docket No. 8.

**IT IS SO ORDERED.**

Dated: 8/27/2018

BETH LABSON FREEMAN
United States District Judge

Order Granting MTD; Denying COA
P:\PRO-SE\BLF\HC.17\05037Alarcon_grant.mtd(juris)

4